IN THE UNITED STATES DISTRICT COURT

FOR THE DIVISION OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| D.E., an individual | ) Case No.: |
| | ) |
| Plaintiff, | ) **FIRST AMENDED COMPLAINT** |
| | ) |
| v. | ) 1. Negligence/Negligence Per Se |
| | ) 2. Negligent Infliction Emotional Distress |
| UNITED AIRLINES, a Corporation, and | ) |
| DOES 1-25, inclusive | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |

NOW COMES, Plaintiff D.E. for claims of relief against Defendant and Does 1-25 inclusive. Plaintiff request that the initials D.E. be used in lieu of full name for confidentiality purposes. Plaintiff is a victim of domestic abuse and requires privacy protection for safety reasons. Plaintiff complains and alleges as follows:

PAGE 1 – COMPLAINT AND JURY TRIAL DEMAND

1.

Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in the Multnomah County, Oregon; and/or pursuant to United States Code, Section 1391(c)(2) because Defendant(s), and each of them, are statutorily considered to be residents of the State of Oregon; are subject to personal jurisdiction in Oregon; and have sufficient contacts with Oregon including conduction continuous business in this state.

2.

This court has subject matter jurisdiction under the provision of Title 28, United States Code Section 1332, in that this suit is a civil action between citizens of different States where the matter and actual controversy exceeds the value of $75,000.00, exclusive of interest and costs.

3.

Defendant(s), and each of them, made a contract with Plaintiff to be performed in whole or in part in the State of Oregon, and routinely operate flights into and out of Portland, Oregon/ Portland International Airport. Defendant's contacts with the State of Oregon were deliberate and purposeful, and Plaintiff's claims arise from those contacts, such that exercise of personal, specific and/or general, jurisdiction over the Defendant(s) in the state of Oregon is consistent with traditional notions of fair play and substantial justice.

4.

Upon information and belief, at all times relevant to this matter, United Airlines had the right to control the work of its employees and/or agents regarding United Airlines treatment of Plaintiff, fulfillment of duties owed to Plaintiff, protection of Plaintiff's rights and fulfillment of Plaintiff's contract to fly. The right to prescribe and furnish the details of the kind and character of the work to be done regarding United Airlines treatment of Plaintiff, fulfillment of duties owed to Plaintiff, protection of Plaintiff's rights and fulfillment of Plaintiff's contract to fly with

5.

United Airlines; the right to supervise and inspect the work regarding United Airlines employees and/or agents treatment of Plaintiff, fulfillment of duties owed to Plaintiff, protection of Plaintiff's rights and fulfillment of Plaintiff's contract to fly with United Airlines; the right to direct the details of the manner in which the was to be done regarding United Airlines employees and/or agents treatment of Plaintiff, fulfillment of duties owed to Plaintiff, protection of Plaintiff's rights and fulfillment of Plaintiff's contract to fly with United Airlines; and other non-enumerated rights.

## **STATEMENT OF FACTS**

By reference, each of the preceding paragraphs are adopted and made part of this section as if fully incorporated herein.

6.

On Tuesday, August 22, 2017, Plaintiff contacted United Airline's Accessibility Desk and spoke to Stephanie. Plaintiff explained her need for a Passenger Support Specialist (PSS) to meet her at the gate of the Baltimore arriving flight.

7.

Plaintiff requested a PSS to escort her to pet relief for her service animal then to her departing gate for UA 1836 to Portland.

8.

She explained that she needed a reasonable accommodation because of memory and concentration issues associated with her Post Traumatic Syndrome Disorder. She was traveling with a service dog.

9.

Stephanie denied this request. Stephanie stated that United Airlines did not have PSS to escort people to pet relief. Stephanie also denied access to a supervisor. Stephanie stated that there is no supervisor. After asking several times for a supervisor, Stephanie finally said that the supervisor was not available.

10.

Plaintiff asked to be contacted in the next 24 hours by a supervisor. Stephanie wouldn't provide the name of the supervisor or any further information about herself. Ms. Elpel asked for an employee number. Stephanie stated that she is the "only 'Stephanie'". Shortly thereafter, Plaintiff filed a complaint with the Department of Transportation.

11.

After Plaintiff filed her complaint with the Department of Transportation, the DOT determined that United Airlines violated 14 CFR 382.41 and 14 CFR 382.151. Such violations are a breach of United Airlines duties under 14 CFR 382.41 and 14 CFR 382.151.

12.

On September 6, 2017, Michelle Johnson, United Airlines Complaint Resolution Official (CRO) Disability/DOT Specialist, Corporate Customer Care in a written statement acknowledges that United violated the law. Michelle Johnson stated that "based on the information available, it appears that we didn't provide you with correct information when you contacted the Accessibility Desk with a request for assistance at the airport, which is in violation of federal disability regulation."

13.

At all material times, Plaintiff's service dog was a "Service Animal" under the Americans with Disability Act ("ADA"); not an "Emotional Support Animal" or "Psychiatric Support Animal."

14.

## FIRST CLAIM FOR RELIEF
NEGLIGENCE/NEGLIGENCE PER SE

15.

Plaintiff restates and incorporates by reference paragraphs 1-14, inclusive.

16.

Plaintiff is not asserting a cause of action under the Air Carrier Access Act. Rather the Air Carrier Access Act sets forth the standard of care for Defendant's duties to Plaintiff. The breach of which gives rise to liability to Plaintiff under State law negligence claims. The standard of care with which Defendant was required to treat Plaintiff is codified by 49 U.S.C Section 41705, and 14 CFR Section 382, et. Seq. (The Air Carrier Access Act).

17.

United Airlines had a duty to provide the following information, on request, to qualified individuals with a disability or persons making inquiries on their behalf concerning the accessibility of the aircraft expected to make a particular flight. The information provided must be specific to the aircraft expected to be used for the flight unless it is unfeasible to do so: Any aircraft-related, service-related or other limitations on the ability to accommodate passengers with a disability, including the types of services to passengers with a disability that are or are not available on the flight.

18.

United Airlines breached its duty when it violated section 382.41 by advising Plaintiff that United Airlines would not provide an escort to the service animal relief area after Plaintiff explained that she needed a reasonable accommodation because of memory and concentration issues associated with her Post Traumatic Syndrome Disorder and that she was traveling with a service dog.

19.

United Airlines has a duty to make passengers with a disability aware of the availability of a CRO and how to contact the CRO in any situation in which any person complains or raises a concern with the carrier's personnel about discrimination, accommodations, or services with respect to passengers with a disability, and the carrier's personnel do not immediately resolve the issue to the customer's satisfaction or provide a requested accommodation, the carrier's personnel must immediately inform the passenger of the right to contact a CRO and then contact a CRO on the passenger's behalf or provide the passenger a means to do so (e.g., a phone, a phone card plus the location and/or phone number of the CRO available at the airport). The carrier's personnel must provide this information to the passenger in a format he or she can use.

20.

Additionally, a carrier's reservation agents, contractors, and web sites must provide information equivalent to that required by paragraph (c)(1) of this section to passengers with a disability using those services who complain or raise a concern about a disability-related issue.

21.

United Airlines breached its duty when Stephanie stated that there is no supervisor. After Plaintiff asked multiple times to speak with a supervisor, Stephanie stated that a supervisor wasn't available. Plaintiff asked to be contacted in the next 24 hours by a supervisor. Stephanie wouldn't provide the name of the supervisor or any further information about herself. Ms. Elpel asked for an employee number. Stephanie stated that she is the "only 'Stephanie'". Shortly thereafter, Plaintiff filed a complaint with the Department of Transportation.

22.

Plaintiff suffers from a diagnosed disability; therefore, she falls within the class of persons that The Air Carrier Access Act is designed to protect.

23.

Plaintiff was discriminated against, embarrassed, frightened, grieved, shamed, humiliated, angered, disappointed, worried, and suffered triggering of her Post Traumatic Syndrome Disorder which are the types of harms, injuries, and damages The Air Carrier Access Act is meant to prevent.

24.

The breach of one or more duties was the actual, direct and proximate cause of harms and damages to Plaintiff in the form of pecuniary loss, emotional distress, and pain and suffering. All of which were foreseeable as consequences of Defendant's acts and/or omissions.

25.

As a direct and proximate result of Defendant's breach(es), as detailed above, Plaintiff experienced shock to her nervous system, incurred expenses and losses, and continues to suffer emotional harm and injury.

**SECOND CLAIM FOR RELIEF**
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26.

Plaintiff restates and incorporates by reference paragraphs 1-25, inclusive.

27.

Defendant has a duty to follow all guidelines codified in 14 CFR Section 382.

28.

Defendant breached its duty when its employees breached one or more standards of care set forth in 14 CFR Section 382, specifically 14 CFR 382.41 and 14 CFR 382.151, as described above.

///

///

///

29.

Defendant's employees' breach of one or more standard of care foreseeably caused Plaintiff grief, fright, shame, humiliation, embarrassment, anger, disappointment, worry, and triggered her Post Traumatic Syndrome Disorder.

30.

As a direct and proximate result of United Airlines negligence Plaintiff experienced and continues to suffer from emotional harm and injury.

## JURY DEMAND FOR RELIEF

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests the following judgments and relief according to proof:

    A.    Plaintiff seeks general damages in an amount to be determined by a jury;

    B.    Plaintiff seeks special damages and/or liquidated damages for the entire purchase of the subject ticket, plus interest at a reasonable rate not less than 8% per annum;

    C.    Plaintiff seeks, upon motion, punitive damages to be determined by a jury;

    D.    Plaintiff also seeks equitable relief including a permanent injunction enjoining Defendants from engaging in any illegal practice which discriminates on the facts as alleged in this First Amended Complaint;

    E.    Plaintiff also seeks reasonable attorney's fees and all costs of litigation in an amount to be proven at trial;

    F.    For prejudgment and post-judgment interest as appropriate and allowed by law;

    G.    All such other relief as this Court may deem proper.

Dated: August 20, 2019

**E.L. LAW FIRM**

/s/ Efrem Lawrence

Efrem Lawrence, OSB #160471
efrem@lawrencelegalfirm.com
Tel. 503-719.6667
Attorney for Plaintiff